# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2054V

| | |
|---|---|
| JONATHAN DILGER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 25, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING MOTION AND DISMISSING PETITION[1]

On December 30, 2020, Jonathan Dilger ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Program"). Petitioner alleged that he sustained a left-sided shoulder injury related to vaccine administration ("SIRVA") following his receipt of an influenza ("flu") vaccine on October 11, 2019. Petition at 1.

On May 17, 2023, Petitioner moved for a Decision Dismissing the Petition, stating that "Petitioner's medical records did not ongoing left shoulder symptoms." Motion (ECF No. 38) at 1-2. Petitioner stated that his counsel has "explained that in order to be eligible for compensation in the Vaccine Program, a claimant must demonstrate that their injury persisted for longer than 6 months, and that a special master cannot rely on the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

statements of a petitioner alone." *Id.* at 2. Petitioner stated that "[i]n these circumstances, to proceed further would be unreasonable". *Id.* Petitioner further indicated that he understands that a decision by the Chief Special Master dismissing his petition will result in a judgment against him and that such a judgment will end all of his rights in the Vaccine Program. *Id.* Petitioner intends to protect his rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) he intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action. *Id.*

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that he or she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). A petitioner must also demonstrate that the alleged injury satisfies the statutory severity requirement. *Id.* at § 11(c)(1)(D). And under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or a medical opinion. § 13(a)(1). Here, examination of the record does not indicate that Mr. Dilger will be able to satisfy these requirements. For these reasons, and in accordance with § 12(d)(3)(A), Petitioner's motion to dismiss (ECF No. 38) is **GRANTED** and the case is **DISMISSED** for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.